IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANTOS CASTRO-MOTA, <br><br> *Plaintiff*, <br><br> v. <br><br> GOVERNOR JOHN CHAPIRO, *et al*, <br><br> *Defendants*. | Civil Action No. 2:24-cv-1011 <br><br> Hon. William S. Stickman IV <br> Hon. Christopher B. Brown |

## ORDER OF COURT

*Pro se* Plaintiff Santos Castro-Mota ("Plaintiff"), a state prisoner, is in federal custody at the Butler County Prison during the pendency of his criminal proceeding at 2:22-cr-00048. He was granted leave to proceed *in forma pauperis* on December 31, 2024 (ECF No. 10). Pursuant to 28 U.S.C. § 1915, Magistrate Judge Christopher B. Brown issued a Report and Recommendation on May 16, 2025, recommending that the Court dismiss this case with prejudice without leave to amend. (ECF No. 18). Plaintiff was given until July 21, 2025, to file objections to the Report and Recommendation. (ECF Nos. 18–20). Instead of filing objections, Plaintiff filed a Motion Seeking Access to Grand Jury Materials to Challenge the Selection of Grand Juries (ECF No. 21), as well as correspondence to the Court (ECF No. 22) explaining that he wants his grand jury materials for Criminal No. 2:22-cr-00048 and that he intends to file a motion to dismiss the indictment in that case. He then filed two motions to dismiss the indictment. (ECF Nos. 23 and 24).

No objections having been filed, the Court hereby ADOPTS Magistrate Judge Brown's Report and Recommendation as its Opinion. It wholeheartedly agrees with Magistrate Judge Brown that Plaintiff has failed to present any colorable legal argument:

> The gravamen of Castro-Mota's Amended Complaint is a speedy trial claim. It appears all six defendants may have been involved in some manner with Castro-Mota's pending federal criminal prosecution. The Amended Complaint, however, provides no factual allegations to support Castro-Mota's bald assertion that his speedy trial rights have been violated.
>
> Even assuming the Amended Complaint contained sufficient facts to support a colorable constitutional claim, a civil rights case may not be used to challenge the fact or length of a prisoner's detention. Any claim challenging the fact or length of a prisoner's detention must be raised either via a motion in the criminal case or a habeas corpus petition, not with a civil rights action as is the case here. However, Castro-Mota is a pre-trial detainee, and courts within the Third Circuit generally decline to exercise pre-trial habeas jurisdiction.
>
> A speedy trial challenge is therefore most appropriately made through a motion filed in the underlying criminal case with the assigned District Court Judge. *See e.g., Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246-47 (3d Cir. 2018) (pre-trial detainee may not resort to habeas petition and must instead seek pretrial relief through the filing of a motion in the underlying criminal case).

(ECF No. 18, p. 8).

AND NOW, this _19_ day of August 2025, IT IS HEREBY ORDERED that Plaintiff's amended complaint (ECF No. 11) is DISMISSED WITH PREJUDICE. The Court holds that further amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). The motion to substitute a party (ECF No. 15) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion Seeking Access to Grand Jury Materials to Challenge the Selection of Grand Juries (ECF No. 21) and his motions to dismiss the indictment (ECF Nos. 23 and 24) are DENIED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE
